**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3086
_____

IN RE: GILBERT M. MARTINEZ,
                                        Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 12, 2019
Before:  AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 26, 2019)
_____

OPINION*
_____

PER CURIAM

Gilbert M. Martinez has filed a petition for a writ of mandamus requesting that we

compel the Berks County Tax Claims Bureau to exempt him from paying property taxes

and compel the Pennsylvania Department of Human Services to provide him with cash

assistance benefits.  Martinez also filed a motion to stay the tax auction of his property.

For the reasons that follow, we will dismiss the petition and deny the stay motion.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2018, Martinez filed a lawsuit in the Berks County Court of Common Pleas alleging, among other things, that the Berks County Tax Claims Bureau had wrongly denied his request for a property tax exemption after his cash assistance benefits were cut by the Pennsylvania Department of Public Welfare. Martinez sought a tax refund and a stay of the tax auction of his property. His lawsuit was dismissed with prejudice, and the Commonwealth Court affirmed the dismissal in August 2019. See Martinez v. Tax Claims Bureau, No. 1615 C.D. 2018, 2019 WL 3799060, at *1 (Pa. Commw. Ct. Aug. 13, 2019).

Martinez then filed this mandamus petition, alleging that the state courts improperly determined that he was not entitled to a property tax exemption and refund. He further alleged that, in separate state proceedings, he was improperly denied cash assistance benefits from the Pennsylvania Department of Public Welfare. Martinez also filed a motion to stay the tax auction of his property until we ruled on his petition.

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be used "only to confine an inferior court to a lawful exercise of its prescribed jurisdiction," id. (quotation marks and citations omitted), and our authority "to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000).

2

Here, Martinez asks us to issue a writ of mandamus compelling state officials to provide him with benefits that he sought in state court and was denied. We lack authority to grant that relief, as a federal court generally may not issue a writ of mandamus to compel action by a state court or state official. See generally In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (a federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it, nor may a federal court (with the exception of the Supreme Court) review a decision of a state tribunal through a writ of certiorari"); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official").

Accordingly, we will dismiss the petition. In light of our disposition, the motion to stay the property tax auction is denied. See In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015).